*In re* Accounts of the Shipping Commissioner of the Port of New York.

*(Circuit Court, S. D. New York. June 8, 1883.)*

Shipping Commissioner of Port of New York — Salaries of Deputies — Reference to Master.

While, on the facts before the court, it cannot assume that the salaries of $3,648, paid by the shipping commissioner of the port of New York to his three sons, whom he has appointed as his deputies, are excessive and should not be allowed, it is ordered that the accounts be referred to the master to take proof and report explicitly upon the reasonableness of the salaries paid by the shipping commissioner to his deputies, upon notice to the United States attorney, and with leave to the United States attorney to introduce testimony.

Objections to Master's Report.

*H. E. Duncan*, on part of shipping commissioner.

*Elihu Root*, U. S. Atty., *contra*.

WALLACE, J. Upon the presentation of the report of the master, to whom it was referred to examine the annual account of Mr.

Duncan as shipping commissioner, and report to the court, the United States attorney appeared, and objected that the salaries paid by the shipping commissioner to the clerks in his office, and included in such account, are excessive. The objection is particularly addressed to the salaries paid by the shipping commissioner to his three sons, each of whom is a "deputy commissioner," by the appointment of his father, and each of whom was paid for the year 1882 the sum of $3,648. In view of the testimony of Mr. Duncan before the master as to the nature of the duties which are discharged by these deputies, and the compensation which they fairly earn, the court, in the absence of any controverting testimony, cannot assume that the salaries paid are exorbitant. The objection now made has been urged on former occasions, when the accounts of the shipping commissioner were presented to this court for approval, and has been overruled by each of my predecessors,—Judges WOODRUFF, JOHNSON and BLATCHFORD, each of whom has sanctioned the payment of larger salaries to these same deputies for the same services than were paid to them respectively in 1882. *In re Account of Shipp'g Com'r*, 16 Blatchf. 92. Nevertheless, the objection has been uniformly made by the United States attorney when these accounts have been presented; not perfunctorily, but because he has deemed it his duty to urge it in the proper discharge of a responsibility imposed upon him by the court under its order made in 1876. While it is not just to indulge a presumption against the honesty and propriety of the action of the shipping commissioner merely because these salaries are paid to his sons, who were made deputies by his own appointment, still, the shipping commissioner must concede himself that the circumstance that these salaries are adjusted upon a flexible scale, which increases or decreases them so that, in connection with the other expenses of the office, they always absorb the entire receipts, is well calculated to excite unfavorable criticism. It is not strange, therefore, notwithstanding the action of this court on former occasions, that the propriety of paying these salaries should be questioned again. I think it is due to the court whose officer Mr. Duncan is, to the United States attorney, and to Mr. Duncan himself, that there should be a thorough investigation of the whole matter, in order that if any abuses exist they may be effectually suppressed, and if none are found to exist that the shipping commissioner may be exonerated henceforth from unjust suspicions.

It is ordered that the accounts be referred back to the master to take proof and report explicitly upon the reasonableness of the salaries paid by the shipping commissioner to his deputies, upon notice to the United States attorney, and with leave to the United States attorney to introduce testimony.